UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA GAIL BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-0023-ILRL-SS** |
| **SOCIAL SECURITY ADMINISTRATION** | |

**REPORT AND RECOMMENDATION**

The plaintiff, Barbara Gail Brown ("Brown"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. Rec. doc. 1. For the reasons described below, it is recommended that Brown's complaint be dismissed without prejudice for failure to prosecute.

**PROCEDURAL HISTORY**

On May 13, 2002, Brown filed an application for benefits. Reporting that she became disabled on April 10, 2001. R. 104-07. She reported scoliosis, bursitis, tendonitis and neuroglia. She alleged that she could not sit, stand, lay or walk for any length of time. R. 115. The Social Security Administration denied the application. R. 72-75 and 78-81. On February 13, 2003, Andrew Magruder appeared as counsel for Brown. R. 83. A hearing before an Administrative Law Judge ("ALJ") was requested and scheduled for March 18, 2004. R. 97. On September 4, 2007, Brown's counsel requested review of an unfavorable decision. R. 66-69. On November 24, 2006, the Appeals Council denied the request for review. R. 61-63. Brown did not seek further review of that decision.

Brown protectively filed a second application for benefits on June 8, 2005 in which she alleged that she became disabled on August 6, 2004. R. 21. There was a hearing before an ALJ on October 17, 2008 with Magruder present. R. 883-924. The ALJ issued an unfavorable decision. R. 18-30. On April 23, 2009, the Appeals Council denied Brown's request for review. R. 12-14. On November 19, 2009, Brown's time for filing a civil action was extended by the Appeals Council. R. 11A.

On November 25, 2009, Brown filed a one page form petition in state court for review of the decision. Rec. doc. 1(Attachment). She is not represented by counsel in this Court. On January 6, 2010, the defendant, Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), removed the petition to federal court. Rec. doc. 1. An answer and the administrative record were filed. Rec. docs. 4 and 5.

Brown was ordered to file her motion for summary judgment by April 12, 2010. Rec. doc. 3. She did not comply with this order, and she did not request an extension. On May 13, 2010, she was ordered to file her motion for summary judgment by June 15, 2010. She was notified that if she did not comply, her claim might be dismissed for failure to prosecute. Rec. doc. 7. She did not comply with that order.

Brown has not filed any pleadings or notices with this Court. The only filing by Brown is the one page form petition filed in state court. She has not made any contact with the court. The Clerk's record demonstrates that the orders were mailed to her at the address on the petition and no mail was returned.

**FAILURE TO PROSECUTE**

The authority of a federal trial court to dismiss a plaintiff's action because of her failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). A Rule 41(b) dismissal is considered to be an adjudication on the merits. Edwards v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly. See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139 (1977). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).

Brown is not represented by counsel. The responsibility for the failure to comply with the court's orders rests exclusively with her. She has not complied with two orders requiring her to file a motion for summary judgment. She has not sought any extensions. She has made no attempt to explain her failure to comply with these orders. There is a clear record of delay without excuse.

## ADMINISTRATIVE PROCEEDING

On August 22, 2005, Brown was examined at the request of the Commissioner by Juanita G. Trimor, M.D, a certified family practitioner. R. 694-98. Brown was 51 years old. She complained of scoliosis, bursitis, tendonitis, chronic low back pain, high blood pressure, disc stenosis at L5-S1, sciatica, bone deterioration in her ankles, heel spurs, neuroglia and chronic hip pain. Dr. Timor's physical residual functional capacity assessment found that Brown could sit for six hours, and stand and walk for two house in an eight hour workday. R. 695. The neurological

examination found no evidence of muscle atrophy. R. 697. The mental status evaluation found that her affect and mood were normal. R. 697. The diagnosis was hypertension, low back pain secondary to degenerative disc disease, and chronic right hip pain. R. 698.

A mental impairment questionnaire, dated July 18, 2005, was submitted by Brown. R. 676-78. The ALJ did not give it significant weight because: (1) the signature was illegible and it was not possible to determine the extent of Brown's treating relationship with the physician; (2) the assessment was little more than a series of check boxes rating Brown's degree of limitation; and (3) it was unsupported by acceptable diagnostic techniques. R. 27.

At the hearing Brown testified that the most troubling thing that prohibited her from working was the swelling of her feet, ankles, legs and back. She reported that she was required to change positions constantly in order to obtain any relief or she had to keep her legs raised. R. 900. The ALJ described factors which detracted from Brown's credibility, including: (1) her employment from May 2006 until July 2007; (2) brief stints of employment in July and August 2007, and June to September 2008; (3) she took only over-the-counter medication to control her pain; (4) she reported improvement in her mental condition when she took her medication; (5) inconsistencies in her statements contained in the medical record; (6) a November 28, 2005, note by a nurse that several of Brown's statements were inconsistent (R. 840); and (7) Brown's own report that she lost her disability secondary to "defrauding the government." R. 28.

In addition to Brown's failure to prosecute this action, the record demonstrates that there is substantial evidence to support the ALJ's decision and he applied the appropriate legal standards in evaluating the evidence. Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000).

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Barbara Gail Brown's petition be dismissed

without prejudice for failure to prosecute.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 21st day of July, 2010.

SALLY SHUSHAN
**United States Magistrate Judge**